**FIRST NATIONAL CITY BANK et al.,
Plaintiffs-Appellants,**

v.

**FEDERAL TRADE COMMISSION et al.,
Defendants-Appellees.**

**Nos. 997, 1130–1133, Dockets 76–6019, 76–6023, 76–6026, 76–6027, 76–6035.**

United States Court of Appeals,
Second Circuit.

Argued May 13, 1976.

Decided July 8, 1976.

John E. Hoffman, Jr., New York City (Shearman & Sterling, Herman E. Compter, Frederick A. Gertz, New York City, of counsel), for plaintiffs-appellants.

Warren S. Grimes, Washington, D. C. (Robert J. Lewis, Gerald P. Norton, Gerald Harwood, William A. Horne, Washington, D. C., of counsel), for defendants-appellees.

Before MANSFIELD and VAN GRAAF-EILAND, Circuit Judges, and WARD, District Judge.[*]

VAN GRAAFEILAND, Circuit Judge:

The provisions of the Federal Trade Commission Act, empowering the FTC to prevent corporations from using unfair methods of competition and unfair or deceptive acts and practices, specifically exclude banks from the jurisdiction thus granted. 15 U.S.C. § 45(a)(6). The investigative authority given to the FTC by § 6(a) and (b) of the Act, 15 U.S.C. § 46(a) and (b), also excludes banks from the class whose records are subject to examination.

However, subsection (h) of § 6, as amended in 1973, provides that the exception of banks from subdivisions (a) and (b) "shall not be construed to limit the Commission's authority to gather and compile information, to investigate, or to require reports or answers from, any person, partnership, or corporation to the extent that such action is necessary to the investigation of any person, partnership, or corporation, group of persons, partnerships, or corporations, or industry which is not engaged or is engaged only incidentally in banking . . . ." It is the interrelation of the above statutory provisions which has given rise to this litigation.

The FTC, presently engaged in a comprehensive study of this country's energy industry, is seeking to obtain information concerning the extent and effects of interlocking directorates between petroleum companies and financial institutions. On

June 10, 1975 the FTC, purportedly acting pursuant to the power granted it by subdivision (h), issued subpoenas to appellants requiring broad disclosure of bank records.[1] Appellants promptly filed motions with the FTC to quash or limit the subpoenas, alleging that they exceeded the Commission's authority with respect to banks, were irrelevant to the energy industry investigation and were unreasonably burdensome. The Commission made some slight modifications in the subpoenas but denied the motions to quash. Appellants then brought suit in the Southern District of New York pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 702–05 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, seeking a declaratory judgment that the subpoenas were in excess of the delegated powers of the FTC and beyond its investigative authority and jurisdiction.

The FTC, arguing that appellants' sole remedy was the resistance of enforcement proceedings brought pursuant to 15 U.S.C. § 49, moved to dismiss the complaints on the grounds that the court lacked subject matter jurisdiction and that plaintiffs had failed to state claims upon which relief could be granted. This appeal is from the order of Judge Frankel which granted defendants' motion.

Our disposition of the appeal has been facilitated by several events which have occurred since the motion to dismiss was filed in District Court. On December 19, 1975, the FTC instituted § 49 enforcement proceedings against appellants in the United States District Court for the District of Columbia, and these motions have been consolidated and transferred to the Southern District of New York. Counsel for the FTC has conceded on appeal that appellants' challenge to the subpoenas was made in good faith, so that there is no risk of criminal sanctions under 15 U.S.C. § 50 in the enforcement proceedings. The FTC has

---

[*] Of the Southern District of New York, sitting by designation.

1. Among other things, the banks were required to produce all documents "memorializing" the

meetings of their Boards of Directors, Executive Committees and Examining Committees, at which directors who were simultaneously directors of energy companies were present.

also abandoned its contentions concerning lack of subject matter jurisdiction in the District Court.

Under the circumstances, appellants' rights will be adequately protected by prompt disposition of the enforcement proceedings presently pending in the Southern District. We see no need, therefore, to resolve the dispute between the parties as to whether appellants' pre-enforcement proceedings under the Administrative Procedure Act are prohibited by holdings such as *Reisman v. Caplin,* 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964) or permitted by decisions such as *Abbott Laboratories v. Gardner,* 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967).

We affirm the order appealed from as an exercise of the District Court's discretion which is not clearly erroneous. Because this appeal could have been disposed of readily by stipulation, costs will not be assessed against either party.